IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>        Plaintiff,<br>   v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>        Defendants. | Case No. 22-cv-3029 (BAH) |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendants, U.S. Department of Agriculture ("USDA"), U.S. Department of Education ("ED"), U.S. Department of Energy ("DOE"), U.S. Environmental Protection Agency ("EPA"), U.S. Department of Health and Human Services ("HHS"), U.S. Department of Homeland Security ("DHS"), U.S. Department of the Interior ("DOI"), U.S. Department of Labor ("DOL"), U.S. Small Business Administration ("SBA"), U.S. Department of State ("DOS"), U.S. Department of Transportation ("DOT"), U.S. Department of the Treasury ("Treasury"), U.S. Department of Veterans Affairs ("VA"), and U.S. Department of Housing and Urban Development ("HUD") (collectively "Defendants"), hereby provide the following material facts not in dispute:

1. On March 7, 2021, President Biden issued Executive Order 14019, Exec. Order No. 14,019, *Promoting Access to Voting*, 86 Fed. Reg. 13,623 (Mar. 7, 2021) ("EO 14019"). The Order tasks federal agencies with "consider[ing] ways to expand citizens' opportunities to register to vote and to obtain information about, and participate in, the electoral process." *Id.* at 13,623. This effort included "evaluat[ing] ways in which the agency can, as appropriate and consistent with applicable law, promote voter registration and voter participation." *Id.* The Order included several specific categories of ideas to

-2-

promote voter registration and participation that federal agencies should consider. *See id.* at 13,623-13,624. The Order also required federal agencies to submit a strategic plan to the White House within 200 days outlining "ways . . . the agency can promote voter registration and voter participation" based on the consideration of options required by the Order. *Id.* at 13,624. Agencies were to submit these strategic plans to the Assistant to the President for Domestic Policy. *Id.*

2. On June 10, 2022, Plaintiff submitted a FOIA request to each Defendant, requesting production of each agency's strategic plan submitted to the White House pursuant to EO 14019. *See* Compl. ¶ 12, ECF No. 1 ("Compl."); *America First Legal Foundation v. U.S. Department of the Treasury*, No. 22-cv-3034-BAH, Compl. ¶ 10, ECF No. 1 (D.D.C. Oct. 6, 2022) ("*Treasury* Compl.").

3. Defendants Treasury, VA, and HUD responded to Plaintiff's FOIA request by indicating that they had located the responsive document and were withholding it in full under FOIA Exemption 5. *See America First Legal Foundation v. U.S. Department of the Treasury*, No. 22-cv-3034-BAH, Answer ¶¶ 22-23, 26, 28-29, 34-35, ECF No. 11; *see also Treasury* Compl. ¶¶ 22-23, 26, 28-29, 34-35.

4. Defendant SBA initially informed Plaintiff, on June 24, 2022, that it possessed no records responsive to Plaintiff's FOIA request. *See* Compl. ¶ 74; Answer ¶ 74. Plaintiff administratively appealed, and SBA corrected its response on December 20, 2022, informing Plaintiff through a letter that the agency had the responsive document and was withholding it under FOIA Exemption 5. Defs.' Mot. for Summ. J., Ex. A, Decl. of Eric S. Benderson ¶¶ 11-12.

-3-

5. As of October 6, 2022, Defendants USDA, ED, DOE, EPA, HHS, DHS, DOI, DOL, DOS, and DOT had not provided a final, substantive response to Plaintiff's FOIA request. *See* Answer ¶¶ 34, 40, 45, 51, 57, 60, 66, 72, 83, 88, ECF No. 6.

6. Plaintiff brought suit on October 6, 2022, challenging the agencies' responses or lack thereof to Plaintiff's FOIA requests. Compl. ¶¶ 12-13; *Treasury* Compl. ¶¶ 10-11, 13.

7. Plaintiff initially brought two separate suits—the instant suit against the Defendants who had either not responded to Plaintiff's FOIA request or had indicated that they had not located the responsive document, and a second suit against the Defendants who had responded by withholding the responsive document. After Defendants filed their answers, counsel for the Defendants informed counsel for Plaintiff that each Defendant had located the responsive record and was withholding it in full under FOIA Exemption 5. Joint Mot. to Consolidate Cases at 2, ECF No. 19. On the basis of this information, the Parties jointly moved for consolidation of the cases, *id.* at 1-2, which this Court granted, Minute Order, Nov. 29, 2022.

8. Defendants have all withheld their responsive record in full pursuant to FOIA Exemption 5 based on the presidential communications privilege. *See* Defs.' Mot. for Summ. J. Ex. A ¶¶ 13, 15; Ex. C, Decl. of Alexis R. Graves ¶¶ 8, 16; Ex. D, Decl. of Catherine McConnell ¶ 11; Ex. E, Decl. of Rosemary Law ¶ 12; Ex. F, Decl. of Leah Fairman ¶ 10; Ex. G, Decl. of Katherine Swain-Smith ¶¶ 10-11; Ex. H, Decl. of Vincent White ¶ 9; Ex. I, Decl. of Ryan Law ¶¶ 6, 11; Ex. J, Decl. of Lyndon B. Johnson ¶¶ 15, 17; Ex. K, Decl. of Benjamin B. Klubes ¶¶ 16, 19; Ex. L, Decl. of Susan C. Weetman ¶ 18; Ex. M, Decl. of Alesia Y.

-4-

Williams ¶ 20; Ex. N, Decl. of Susan Beard ¶¶ 11, 13; Ex. O, Decl. of Victoria Arroyo ¶ 15.

9. Some of the Defendants have also asserted additional, overlapping withholdings pursuant to FOIA Exemption 5 based on the deliberative process privilege. *See* Defs.' Mot. for Summ. J. Ex. A ¶¶ 13, 17-25; Ex. C ¶¶ 8, 18-21; Ex. D ¶¶ 12-15; Ex. E ¶¶ 15-19; Ex. F ¶¶ 12-19; Ex. G ¶¶ 12-21; Ex. H ¶¶ 11-13; Ex. I ¶¶ 6, 13-21; Ex. J ¶¶ 15, 18-20; Ex. K ¶¶ 16, 20-26.

10. The Department of State has also withheld some information pursuant to FOIA Exemption 6, and Plaintiff does not challenge those withholdings. Ex. L ¶ 15.

Dated: January 11, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Laurel H. Lum*
LAUREL H. LUM
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 305-8177
Email: laurel.h.lum@usdoj.gov